**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | 3:06-cr-100-RCJ-RAM |
| GILBERTO RENTERIA, | ) | **ORDER** |
| a/k/a Epigemenio Moro-Orozco, | ) | |
| Defendant. | ) | |

Currently before the Court is Petitioner Gilberto Renteria's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (#155). For the reasons given herein, the Court denies the motion.

**FACTS**

Petitioner pleaded guilty to one count of possession of 62.7 grams of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1). (Judgment (#127) at 1). The Court sentenced him to one hundred twenty-one (121) months of imprisonment to be followed by five (5) years of supervised release. (*Id.* at 2-3).

Petitioner was indicted on September 6, 2006 and charged with possessing more than fifty (50) grams of methamphetamine with intent to distribute. (Superseding Indictment (#19)). On advice of his initial appointed counsel, Mr. Dennis Cameron, petitioner pled guilty on October 31, 2006 pursuant to a plea agreement in which the Government agreed to dismiss its 21 U.S.C. §851 information for a sentencing enhancement, thus, lowering the minimum sentence from twenty (20) to ten (10) years. (Plea Mem. (#32) at 2). At the hearing scheduled for his sentencing, Petitioner requested new counsel, citing dissatisfaction with the possible

1  length of his sentence. (Transcript (#147) at 2-6). The Court granted Petitioner's request and
2  continued the hearing so that a new counsel could be appointed. *Id.* at 8-9.
3        Petitioner's second attorney, Mr. Paul Quade, filed a request with the Court to have an
4  independent analysis of the purity of the methamphetamine conducted to determine the actual
5  amount of methamphetamine found in the possession of the Petitioner. (Stip. for Independent
6  Analysis (#47)). The Court granted the request for the testing, and the DEA sent a sample of
7  the methamphetamine to an independent laboratory selected by the defense. (Order (#48)).
8  The independent laboratory estimated that the sample contained 44.04 grams of "actual pure
9  methamphetamine." (Mot. to Withdraw (#51) at 5).  The defense initially believed that the
10 discrepancy between the Government's analysis and the independent analysis was caused
11 by variations within the sample, casting doubt on the actual amount of methamphetamine used
12 for sentencing purposes. (Transcript (#109) at 13). On that belief, Petitioner asked the Court
13 to allow a change of plea solely with regard to the amount in possession. (Mot. to Withdraw
14 (#51) at 7). This Court ruled that Petitioner would have to withdraw his plea either entirely or
15 not at all. (Order (#56) at 5-6). Petitioner withdrew his entire guilty plea. (Notice of Intent
16 (#57)). The Government responded by re-filing its § 851 enhancement and this Court set a
17 date for trial. (Notice of Enhancement (#61)).
18       On the eve of trial, Mr. Quade discovered that the discrepancy between the two sets
19 of test results was due to differences in the definition of methamphetamine as tested for.
20 (Transcript (#136) at 9-10). The government's test included methamphetamine and its salts
21 and isomers, while the independent test excluded the salts and isomers. Mr. Quade moved
22 the Court to consider only the "pure methamphetamine," absent salts and isomers as the
23 proper amount for sentencing. (Mot. to Compel (#114)).  This Court ruled that
24 methamphetamine, as defined in the statute 21 U.S.C. § 841(b)(1)(A)(viii) properly included
25 the methamphetamine salts and isomers and thus the government's reading was correct.
26 (*See* Transcript (#136) at 41).
27       Subsequently, Mr. Quade advised Petitioner to change his plea.  (*Id.* at 53-54.)
28 Petitioner pleaded guilty pursuant to a plea agreement largely the same as the original plea

agreement which included *inter alia* an admission that the amount of pure methamphetamine was greater than fifty (50) grams and a promise from the Government that the § 851 enhancement would be excluded at sentencing. (Plea Mem. (#125) at 5-7). In addition, Petitioner waived his right to appeal any aspect of his conviction and sentence so long as the sentence was within the advisory sentencing guideline range as determined by the Court. (*Id.* at 3). The Court sentenced him to 121 months of imprisonment and 60 months of supervised release. (Judgment (#127) at 2-3). The Court also subsequently appointed Petitioner new counsel to handle any appeal. (Orders (#130, 131)).

Upon appeal, counsel for Petitioner, Mario Valencia, filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that after thoroughly reviewing the record, he believed there were "no viable issues for appeal." The Court of Appeals agreed after reviewing the record and, after Petitioner failed to respond, affirmed Defendant's conviction. (*See* Ninth Circuit Op. (#153)). Petitioner now petitions this Court for relief in a § 2255 Motion to Vacate, Set Aside, or Correct Sentence alleging that his counsel was ineffective for not obtaining a lesser sentence.

## LEGAL STANDARD

The Sixth Amendment right to effective assistance of counsel is violated when: (1) counsel's performance was deficient so as to fall "below an objective standard of reasonableness," *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1987) (as amended), and (2) the deficiency prejudiced the defense by "depriv[ing] the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The court should begin with a "strong presumption" of reasonable professional conduct. *Id*. at 689. Defendant must allege specific allegations of deficient conduct; vague and conclusory allegations warrant summary dismissal. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989). When the presumption of reasonable professional conduct is overcome, a petitioner must also show that the attorney's "unprofessional errors" were such that there is a reasonable probability that the result would have been different in the absence of those errors. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

## DISCUSSION

Petitioner's claims of ineffective assistance of counsel are untenable. Petitioner neither alleges any facts that can be supported to show deficient performance of counsel nor prejudice resulting from the decisions underlying the alleged deficient performance.

Petitioner's primary claim is that his counsel was ineffective in not obtaining a shorter sentence. (Mot. to Vacate (#155) at 1-11). This claim rests on the assertion that the actual pure methamphetamine was tested to be less than 50 grams. *Id*. This assertion has already been decided by this Court and cannot be revisited. Petitioner pled guilty to an amount greater than 50 grams and his plea agreement forecloses the possibility of appeal of any matter so long as the sentence imposed was within the sentencing guideline range-a condition met by the 121-month sentence he received. In addition, Petitioner does not allege any specific behavior by any of his court-appointed counselors that was ineffective with regards to the amount of methamphetamine upon which he was sentenced or with regard to the sentence generally.

In addition, Petitioner claims that the investigation into his case, as conducted by his first counsel Mr. Cameron, was inappropriate. *Id*. at 4. This claim does not allege with sufficient specificity any conduct and warrants dismissal.

Moreover, Petitioner cannot show that he suffered any prejudice as a result of any alleged deficiency in the conduct of any of his counselors. If a jury would have convicted him of the same offense, Petitioner likely would have faced a longer range of possible sentences by virtue of the inclusion of the § 851 enhancement which the Government dismissed as a condition of the guilty plea and mandated a minimum sentence of twenty (20) years. If, as Petitioner alleges, he was found to have possessed less than 50 grams, the inclusion of the § 851 enhancement would have mandated a statutory minimum sentence of ten (10) years-the same minimum he faced under his plea agreement. Thus, Petitioner can show no prejudice from any alleged ineffective representation by any of his counselors.

///

///

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Petition for Relief under 28 U.S.C. § 2255 on Motion to Vacate, Set Aside, or Correct Sentence (#155) is DENIED.

DATED: This   26th     day of July, 2011.

_____
United States District Judge